UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Greg Holaway, individually and on
behalf of other similarly situated individuals,

      Plaintiff,

v.

Stratasys, Inc., and Manager Roger King

      Defendants.

Case No.:_____

COLLECTIVE ACTION
COMPLAINT
(JURY TRIAL DEMANDED)

---

Plaintiff Greg Holaway ("Plaintiff") brings this action, on behalf of himself and all other similarly situated individuals, as a collective action against Defendants Stratasys, Inc. and its manager Roger King ("Defendants") for damages and other related relief due to Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

## PRELIMINARY STATEMENT

1. This case is about Defendants' willful and systematic failure to pay overtime wages to their "Field Service Engineers", and other employees with similar job titles, because Defendants misclassified these individuals as exempt from the overtime laws.

2. Defendants pay their so-called Field Service Engineers on a salaried basis and failed to pay them overtime wages when they worked more than a forty hour workweek in reality as a field "technician" instead of an "Engineer".

1

3. Plaintiff brings this proposed collective action against Defendants on behalf of all individuals who have worked for Defendants as field technicians, but were intentionally misclassified as Field Service Engineers, and on behalf of all other employees that have held similar job titles, duties, and responsibilities at any time within three years prior to the date this Complaint is filed through the present.

4. This action is brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") for failure to pay federally mandated overtime compensation.

5. Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint in violation of the federal rights of Plaintiff and others similarly situated individuals.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA, 29 U.S.C. § 201 et seq.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this district and because Defendants reside in this district.

## PARTIES

### Plaintiff

8. Plaintiff Holaway is an adult resident of the State of Minnesota. Plaintiff worked for Defendants as a Field Service Engineer from his home office in Burnsville,

2

Minnesota from approximately November 2006 to February 2012. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party to the FLSA claims asserted in this action. Plaintiff signed consent form is attached as Exhibit A.

9. Plaintiff and other similarly situated employees are current and former "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e). Plaintiff, and all similarly situated employees, reported into the Field Service Manager, Roger King.

10. All facts and allegations made by Plaintiff in this Complaint are also stated, upon information and belief, as to all similarly situated former and present employees. Therefore, all further references in this Complaint to "Plaintiff" is also a reference to all similarly situated individuals, unless otherwise stated.

**Defendants**

11. Defendant Stratasys, Inc. is a Minnesota corporation with its principal place of business in Eden Prairie, Minnesota.

12. Defendant Stratasys has offices in several states, including Minnesota and California. Defendant also has offices in Asia and Europe.

13. Defendant Stratasys is in the business of selling 3-D printing products and is engaged in interstate commerce by, among other things, selling its products in multiple states, including Minnesota.

14. Upon information and belief, Defendant Stratasys' gross annual sales made or business done has been $500,000 or greater.

15. Defendant Stratasys' manager Roger King was responsible for implementing, managing, and enforcing Stratasys' company employee policies and for directly managing Plaintiff and similarly situated employees on behalf of Stratasys.

16. Defendants Stratasys and manager Roger King are Plaintiff's "employers" as defined by the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

18. Defendants sells a product known as 3-D Printing technology using a process called Fused Deposition Modeling ("FDM"). Stratasys uses it FDM in uPrint SE 3D Printers, Dimension 3D Printers and Fortus 3D Production System which is used for direct digital manufacturing and precision rapid prototyping. Stratasys products are used in the aerospace, defense, automotive, medical, business & industrial equipment, education, architecture, and consumer-products markets.

19. Plaintiff worked for Defendants as a Field Service Engineer and/or a similar job title, within the past three years. As a Field Service Engineer, Plaintiff's, and all similarly situated employees', principal and primary job duties were, in part, to: provide problem diagnosis and repair of stratasys' hardware and software products at the customer's facility; provide installation of stratasys' hardware and software products at the customer's facility; provide preventive maintenance of Stratasys' hardware products at the customer's facility; and, provide follows-up calls after on-site field servicing calls are closed to ensure customer satisfaction.

4

20. Plaintiff, and similarly situated employees, provided problem diagnosis and repair of Defendants' products at the customers' places of business. Over the past three years, during Named Plaintiff's employment, his primary territory consisted of such states as: Wisconsin, Illinois, Iowa, Minnesota, Nebraska, Colorado, South and North Dakota (Collectively referred to as "Territories").

21. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees, such as technicians, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

22. Defendants intentionally mis-classified Plaintiff, and similarly situated employees, as exempt engineer employees and then paid them as salaried employees instead of as non-exempt technician hourly employees.

23. Defendants regularly required Plaintiff and similarly situated employees to work more than forty hours in a workweek without paying them any overtime compensation.

24. Defendants knew that Plaintiff regularly worked more than forty hours in a workweek without receiving overtime compensation.

25. Field Service Manager and Defendant Roger King was fully aware of Plaintiff, and similarly situated employees, overnight and after-hours travel times to different Territories since all work-assignments came through Defendants, Stratasys and the Field Service Manager.

26. Defendant manager Roger King monitored and maintained close oversight over Plaintiff's, and other similarly situated employees' travel schedules to different

Territories and monitored the time these employees spent on-and off-site at Defendants' customers' places of business.

27.  At the time of Plaintiff's termination, Defendant Field Service Manager Roger King was and is the manager for and over all Defendant Stratasys' Field Service Engineers including Plaintiff Greg Holaway.

28.  Plaintiff, and similarly situated employees, was required by Defendants to work overtime hours in order to fulfill their job duties at customers' place of business and such responsibilities including but not limited to travel time and other job responsibilities required to do their jobs.

29.  Plaintiff believes Defendants failed to accurately record and preserve records of all hours worked by Plaintiff to precisely determine his wages and hours worked.

30.  Defendants operated under a scheme to deprive Field Service Engineers and employees in similar job titles of compensation by mis-classifying them as exempt and by failing to make and preserve accurate records of their hours worked.

31.  Upon information and belief, Defendants knew that Plaintiff performed work that required overtime pay.

32.  It is common industry knowledge that courts and the United States Department of Labor have found that "technician" employees classified as "Engineers" are not exempt employees under the FLSA and therefore are entitled to overtime pay.

33.  Defendants' overtime pay violation conduct has been widespread, repeated and consistently applied to Plaintiff and all similarly situated employees.

34. Defendants' conduct was willful and in bad faith, and has caused significant damages to Plaintiff and all other similarly situated employees.

35. Upon information and belief, there are numerous individuals who have also been denied overtime pay by Defendants' FLSA violations, and who would benefit from court-supervised notice of this lawsuit and the opportunity to join. These similarly situated individuals are known to Defendants and are readily identifiable through Defendants' employment records.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

37. Plaintiff files this action on behalf of himself and all individuals similarly situated (the "Collective Class"). The proposed Collective Class is defined as follows:

All persons who worked as Field Service Engineers or similar job titles for Defendants at any time three years prior to the date this Complaint is filed through the present.

38. Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will also sign consent forms and join as Plaintiffs.

39. Plaintiff is a victim of Defendants' widespread and systematic illegal policies that have resulted in violations of Plaintiff's and similarly situated employees' rights under the FLSA, 29 U.S.C. § 201 et seq. Defendants' illegal and improper conduct has caused significant damage to these Plaintiffs.

7

40. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint by, among other things, failing to pay employees proper overtime compensation.

41. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255.

42. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and all other similarly situated employees. Accordingly, notice should be sent to the Collective Class.

43. Upon information and belief, there are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' systematic common policies and plans, and who would benefit from court-supervised notice and the opportunity to join this lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' employment records.

**CAUSES OF ACTION**
**UNPAID OVERTIME**
**(Fair Labor Standards Act, 29 U.S.C. § 207)**
*On Behalf of Plaintiff and the Collective Class*

44. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

45. The FLSA, 29 U.S.C. § 207, requires employers to pay their employees for hours worked in excess of forty per workweek at a rate not less than one and one-half times their regular hourly rate of pay.

46. Plaintiff consistently worked more than forty hours per week for Defendants.

8

47. Because of Defendants' systematic policy and practice of classifying their Field Service Engineers and employees with similar job titles as exempt and also paying them as salaried employees, Defendants did not pay Plaintiff, and other similarly situated employees, the overtime pay that they were owed under the FLSA for all hours exceeding 40 in a workweek.

48. Defendants' conduct as alleged in this Complaint constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

49. Defendants have also violated the FLSA by failing to accurately record and preserve employment records of hours worked by Plaintiff and similarly situated employees, and thus failed to make and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective Class are entitled to damages, liquidated damages, and attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

51. **WHEREFORE**, Plaintiff, individually and on behalf of others similarly situated employees, prays for relief as follows:

> A. Designate this action as a collective action on behalf of the Collective Class and promptly issue notice, pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective Class to apprise them of this pending action and permit them to assert

    timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendants, finding that they misclassified Plaintiff and those similarly situated as exempt;

C. Judgment against Defendants for an amount equal to Plaintiff and the similarly situated employees' unpaid back wages at the applicable overtime rates;

D. Judgment against Defendants for violating the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and those similarly situated;

E. A finding that Defendants' violations of the FLSA are willful;

F. An award of liquidated damages to Plaintiff and those similarly situated;

G. An award of prejudgment interest to Plaintiff and those similarly situated (to the extent liquidated damages are not awarded);

H. An award of all attorneys' fees and cost incurred by Plaintiff and those similarly situated in pursuing this action;

I. Leave to add additional plaintiffs by motion, by way of filing written consent forms, or by any other method approved by the Court;

J. Leave to amend to add claims under applicable state laws; and,

K. All further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated, demands a trial by jury.

Dated: 4-23-12                                    **JONES SATRE & WEIMER, PLLC**

*Jarvis Jones*
Jarvis C. Jones, MN Bar No. 167952
7900 Xerxes Avenue South
820 Wells Fargo Plaza
Bloomington, MN 55431
Telephone (952) 820-8400
Facsimile (952) 820-8410
jjones@jonessatre.com

ATTORNEYS FOR PLAINTIFF

## PLAINTIFF CONSENT FORM

Current/Former Employer ("Employer"): __STRATASYS INC__

1. I hereby consent to join the lawsuit, as a party plaintiff, to assert claims for wage losses including minimum wages and overtime compensation against my above listed current/former employer and/or any related "enterprises", entities or persons potentially liable for violating the Federal Labor Standards Act, 29 U.S.C. Sec.201, et.Seq. and/or state(s) wage and hour laws;

2. I designate the law firm of JonesSatreWeimer, PLLC to represent me in bringing my claim and agree to the lead Named Plaintiff(s) (as substituted or amended) to serve as my agent and make decisions on behalf of the collective members and on my behalf concerning the litigation and terms of settlement;

3. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable;

4. During the past three years, there were occasions when I worked more than forty (40) hours in a week for my Employer as an __FIELD SERVICE ENGINEER__ or similar title. I did not receive all wages owed to me nor overtime compensation for those hours; and,

5. If this case does not proceed collectively, I also consent to join any separate or subsequent action to assert any claims against my current/former employer or any related enterprise or entities or person potentially liable to me for wage and hour claims.

6. I understand that I may withdraw from this matter at any time by notifying Plaintiff Counsel responsible for this matter. I also consent to Plaintiff Counsel communicating with me by my below email address, if available.

Date: __4/19/2012__

Signature

Print: __GREG A HOLAWAY__

# REDACTED

# Un-Redacted Consent Form

## PLAINTIFF CONSENT FORM

Current/Former Employer ("Employer"):_____

1. I hereby consent to join the lawsuit, as a party plaintiff, to assert claims for wage losses including minimum wages and overtime compensation against my above listed current/former employer and/or any related "enterprises", entities or persons potentially liable for violating the Federal Labor Standards Act, 29 U.S.C. Sec.201, et.Seq. and/or state(s) wage and hour laws;

2. I designate the law firm of JonesSatreWeimer, PLLC to represent me in bringing my claim and agree to the lead Named Plaintiff(s) (as substituted or amended) to serve as my agent and make decisions on behalf of the collective members and on my behalf concerning the litigation and terms of settlement;

3. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable;

4. During the past three years, there were occasions when I worked more than forty (40) hours in a week for my Employer as an _____ or similar title. I did not receive all wages owed to me nor overtime compensation for those hours; and,

5. If this case does not proceed collectively, I also consent to join any separate or subsequent action to assert any claims against my current/former employer or any related enterprise or entities or person potentially liable to me for wage and hour claims.

6. I understand that I may withdraw from this matter at any time by notifying Plaintiff Counsel responsible for this matter. I also consent to Plaintiff Counsel communicating with me by my below email address, if available.

Date:_____        _____
                                        Signature

                                        _____
                                        Print

--------------------------------------------------------------------------------

### The Below Information will be kept Confidential

Address 1:_____
         Street Address

Address 2:_____
         City                    State                    Zip Code

Best Phone Number:_____

Email (Required):_____

Return this form by
Fax, email, or mail to:   **JonesSatreWeimer, PLLC**
                          Wells Fargo Towers, Suite 820
                          7900 Xerxes Avenue South
                          Bloomington, MN 55431
                          Fax: 952/820-8410     Ph.: 952/820-8408
                          Email: intake@jonessatre.com