UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Greg Holaway, individually
and on behalf of other similarly
situated individuals,

Civil No. 12-998 (PAM/JSM)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Stratasys, Inc.,

Defendant.

This matter is before the Court on Defendant's Motion for Decertification of this conditionally certified FLSA class action. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Greg Holaway was employed as a Field Service Engineer at Defendant Stratasys, Inc., from November 2006 until February 2012. Stratasys manufactures or distributes 3-dimensional printers which make "everything from toy parts to submarines." (Def.'s Supp. Mem. (Docket No. 150) at 3.) A Field Service Engineer is not an engineer but rather is a customer service technician who travels to customers' sites and installs new machines and maintains previously installed machines. The territory of each Field Service Engineer varies widely, with some responsible for customers in several states, and others responsible for a single customer in a single location.

Holaway brought this lawsuit as a putative collective action under the Fair Labor Standards Act ("FLSA"), contending that Stratasys improperly characterized Field Service Engineers as exempt from FLSA's overtime-pay requirements. In particular, he alleged that Field Service Engineers routinely worked more than 40 hours per week without receiving any overtime compensation. The Court conditionally certified a class in October 2012. (Docket No. 72.) Since that time, two other Field Service Engineers have opted to join the conditionally certified class: Charles Longlois and Duane Schwarze. Stratasys employs approximately 15 Field Service Engineers nationwide. Since January 2013 Stratasys no longer categorizes Field Service Engineers as exempt from FLSA's overtime requirements.

Stratasys now seeks to decertify the previously certified class.

**DISCUSSION**

Absent an applicable exemption, FLSA requires that employer pay employees overtime for hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a). The statute contemplates collective actions to enforce this requirement when it states that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). FLSA collective actions are not the same as class actions under Federal Rule of Civil Procedure 23. Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1163 (D. Minn. 2007) (Kyle, J.). Among the key differences between FLSA and Rule 23 is the requirement that FLSA class members must opt in to the class. See 29 U.S.C. § 216(b) (stating that"[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing").

The other key difference is in the standards the Court must apply to determine whether collective treatment is warranted. Under Rule 23, the Court must examine factors such as numerosity, adequacy of representation, and typicality. FLSA requires only that the putative class members be "similarly situated." Parker, 492 F. Supp. 2d at 1163.

At the conditional certification stage, the similarly situated inquiry is a superficial one. "[P]laintiffs need only come forward with evidence establishing a colorable basis for their claim that the putative class members were together the victims of a single decision, policy, or plan." Thompson v. Speedway SuperAmerica LLC, No. 08cv1107, 2009 WL 130069, at *5 (D. Minn. 2009) (Schiltz, J.) (citations and internal quotation marks omitted). On a motion for decertification, however, the burden is more onerous.

> [T]he district court conducts a fact-intensive inquiry of several factors, including: (1) the extent and consequence of disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. Employees bear the burden of demonstrating that they are similarly situated.

Carlson v. C.H. Robinson Worldwide, Inc., Nos. 02cv3780, 02cv4261, 2006 WL 2830015, at *3 (D. Minn. Sept. 26, 2006) (Ericksen, J.).

Plaintiffs spend the majority of their brief cataloging evidence of the three individuals' alleged similar "factual and employment settings." Plaintiffs' arguments include the fact that all Field Service Engineers allegedly have the same job duties and responsibilities, they all serviced the Fortis product line (one of six or seven product lines Stratasys offers), they used the same product manual for Fortis products and used product checklists provided by

3

Stratasys, they worked in the same department and had "similar" schedules, they worked from home rather than at a main office, and they were compensated at the same pay grade. But job descriptions and job classifications are not dispositive of the issue of whether Plaintiffs' "factual and employment settings" are similar enough to warrant class treatment. Cruz v. Lawson Software, Inc., 764 F. Supp. 2d 1050, 1057-58 (D. Minn. 2011) (Davis, C.J.). Rather, the Court must "conduct a detailed analysis of actual job duties." Id. at 1057.

Stratasys has proffered evidence that the three Plaintiffs worked very differently. Two of them were independent, rarely checking in with the home office and were almost completely autonomous. The third was much less independent and would call his supervisor when he arrived at a job and when he left that job. He also consulted with others frequently on the best way to solve problems, while the other two Plaintiffs rarely consulted with anyone. The three Plainiffs had different educational backgrounds, served different territories, and approached their duties in different ways.

In this case, the main legal question will be whether Plaintiffs were exempt from FLSA's overtime requirements. 28 U.S.C. § 213. An analysis of whether each Plaintiff is exempt will be a highly individual inquiry, requiring an analysis of factors such as job independence, something that varied widely among these three Plaintiffs. Plaintiffs concede that damages will be an individual inquiry, claiming that any inefficiencies can be remedied by bifurcating liability and damages. But if liability is also a mainly individual inquiry, then class treatment of this action is not efficient in any way. The first two factors weigh heavily in favor of decertification.

4

Finally, "fairness and procedural considerations" also weigh decidedly against class treatment. There are only three Plaintiffs. While numerosity is not generally a factor to be considered in FLSA class actions, here it simply cannot be ignored. There are few if any procedural efficiencies to be gained by trying this case as a three-plaintiff class or as three separate actions individually. Because none of the Plaintiffs kept records of the time they actually worked, Plaintiffs' case will depend on each individual Plaintiff's testimony regarding hours worked, and the testimony of one will not apply to the others. This is true both to establish their prima facie case that they worked more than 40 hours per workweek and also to establish damages. And, as noted, it is an individual question whether any of the Plaintiffs were exempt from the overtime requirements in the first instance.

**CONCLUSION**

Stratasys has succeeded in establishing that this action should not proceed as a class action. Accordingly, **IT IS HEREBY ORDERED that** Stratasys's Motion for Decertification (Docket No. 147) is **GRANTED**.

Dated: <u>October 28, 2013</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge